**In re COHEN.**

District Court, S. D. New York.
June 27, 1938.

Kommel & Rosenberg, of New York City, for trustee.

Moses H. Hoenig, of New York City, for petitioner Israel Greenberg.

**14**

PATTERSON, District Judge.

An order was made by the referee directing one Greenberg to turn over property to the trustee in bankruptcy. Greenberg asks for a review of the order.

The bankrupt was a dealer in plumbing supplies. In the latter part of 1936 he commenced buying abnormal quantities of merchandise on credit. In January 1937 he defaulted in paying for the goods purchased. The merchandise was not on his premises. When asked whether he had sold it to one Greenberg, the bankrupt denied having done business with Greenberg. A petition in bankruptcy was filed against him on February 3, 1937. In the course of the bankruptcy proceedings he shifted his position and claimed that he had sold the merchandise to Greenberg, and he produced promissory notes for $5,035 made by Greenberg, said to have been given in payment for the goods. The trustee brought a proceeding to compel the bankrupt to turn over merchandise. The referee found that there had been no sale to Greenberg, that the notes were fictitious, that Greenberg had received the goods as agent, tool or accomplice of the bankrupt. He ordered the bankrupt summarily to deliver merchandise of the purchase price of $5,916.09 or proceeds. The bankrupt did not obey the order and was committed for contempt.

The trustee then brought a summary proceeding against Greenberg to compel him to turn over the same merchandise or proceeds. Proof was taken. The referee found to like effect as in the summary proceeding against the bankrupt, that Greenberg and the bankrupt were engaged in a joint enterprise, whereby the bankrupt would buy goods on credit and would pass them on to Greenberg to be sold, the proceeds to be divided between them, the two being in effect partners in a fraudulent conspiracy. He again found that the notes were fictitious. He made an order directing Greenberg to turn over the merchandise or its proceeds.

The proof convinced the referee that the relationship between the bankrupt and Greenberg was not that of seller and buyer but was one of partnership, the bankrupt buying the goods and Greenberg selling them. The referee also found that the two had ability to turn over the goods or the proceeds received for them. The record amply supports these findings and warrants the referee's order.

The points made by Greenberg have no merit. The petition is sufficient on its face. Greenberg's claim of adverse title was merely colorable. Possession having been proved or admitted, the presumption is that it has continued and that there is ability to turn over the goods or proceeds. No satisfactory explanation of a subsequent loss has been given. The mere fact that possession had already been found to be in the bankrupt does not preclude a finding that Greenberg also has possession, the evidence being ample to show that the bankrupt and Greenberg acted in concert in the matter.

There is no error, and the referee's order will be affirmed.